**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Tamez, | No. CV-18-00343-TUC-JAS |
| Plaintiff, | **ORDER** |
| v. | |
| Cochise County Attorney's Office, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's First Amended Complaint ("FAC") (Doc. 12). The Court had previously granted Plaintiff *in forma pauperis* status. (Doc. 11.) Therefore, the Court must screen Plaintiff's FAC. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

**I.    PROCEDURAL HISTORY**

On July 16, 2018, Plaintiff filed this action.[1] The Complaint was labeled "Criminal Complaint," but was construed as a civil complaint against the named Defendants: Cochise County Attorney's Office and the Benson City Attorney's Office. The Complaint alleged: Human Experimenting, Human Sacrificing, and Ethnic Cleansing. The only facts pleaded were: "Mario Tamez Cat-Scan; MRI, Images, photos were used to remove spiritual items, technology, Law-suit, to torture, experiment, sexual assaults, human

---
[1] Plaintiff has filed several lawsuits in this district. Many of these lawsuits seem similar to this action. *See* Tamez v. State of Arizona, et. al., 4:18-cv-00345-TUC-RM; Tamez v. State of Arizona, et. al., 4:18-cv-00080-TUC-CKJ; Tamez v. Cochise County Attorney's Office, et. al., 4:17-cv-00588-TUC-RCC; Tamez v. Cochise County Attorney's Office, et. al., 4:17-cv-00249-JGZ.

smuggling, terrorist attacks, Causing Damage to Tamez. Mario Tamez, family members, D.N.A., Brain including Spiritual."[2] (Doc. 1.)

The Complaint was dismissed with leave to amend. (Doc. 11.) On August 27, 2018, Plaintiff filed a New Amendent[3] Complaint (Doc. 12), which will be construed as the FAC. The FAC seems to be on a form from a Federal Court's website. Plaintiff names Cochise County Attorney's Office, City of Benson, the Deputy Attorney Ann Roberts, and the State of Arizona. Plaintiff alleges that state or local actors violated his federal constitutional or statutory rights of "Improper, professional, (anti-terrorism) interrogation, Treatment for serve sx: of psychosis, paranoid schizophrenia, herpes, vernial wants, Isolation, Brain wasting, experimental (programs, process for high level sex offenders, sexual pedartors, treatment, Experimental Programs for :Past, Present, (including Spiritual Abuse, molestation, sexualy abused, for self confession."[4] (Doc. 12 at 3.) Plaintiff states that the underlying facts for his claim are: "@ 163 West Mark St (Property Owners Guadalupe + Betty Tamez – Parents) under Case No. 200201064 (Prop 200) 2003-2007 2009-Set-Aside restored all rights, A 12 year criminal, sexual, Human Smuggling, Drug Traficing, Sex Traficing investigation occurred. Finializing with the arrest of myself and co-defendant Frankie C. Ruiz III age 45 (killed October 12, 2017) Case No: CR201700381, Case No: 20170196,[5] Case No: Frankie Ruiz III 17-2516 Confidential Informants: Randy Beel, Michele Beel, Randy Garcia, Stephanie Harp, Susa Harp were used to obtain, and give criminal information-Isolation, Interogation, Treatment for serve mental health disease was issued under Prop 200. Seman, Blood samples were taken to establish fatherhood of child(ren) – Lilyana Reyes,"[6] *Id*. at 4.

---

[2] The Court believes this is an accurate recitation of the handwritten facts in the Complaint, but acknowledges that due to illegible handwriting discrepancies may be present.
[3] This error is found in the pleading. (Doc. 12.)
[4] The errors within this quote are found within the original. The Court believes that this is the most accurate recitation of the handwritten allegations in the FAC.
[5] The Court believes that based on the public records that this case number should be Cr-20170195.
[6] The errors are found in the original. The Court believes this is the most accurate recitation of the handwritten facts in the FAC.

## II. DISCUSSION

The Court is obligated to screen this FAC and dismiss it if Plaintiff fails to state a claim on which relief may be granted, brings claims that are frivolous or malicious, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not required, a pleading must provide more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Merely being consistent with liability is insufficient. *Id*.

District courts are required to construe *pro se* complaints liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, if a pleading could be cured then the *pro se* litigant is entitled to an opportunity to amend the complaint. *Lopez*, 203 F.3d at 1127-29.

Plaintiff alleges the following: "@ 163 West Mark St (Property Owners Guadalupe + Betty Tamez – Parents) under Case No. 200201064 (Prop 200) 2003-2007 2009-Set-Aside restored all rights, A 12 year criminal, sexual, Human Smuggling, Drug Trafficing, Sex Trafficing investigation occurred. Finializing with the arrest of myself and co-defendant Frankie C. Ruiz III age 45 (killed October 12, 2017) Case No: CR201700381, Case No: 20170196,[7] Case No: Frankie Ruiz III 17-2516 Confidential Informants: Randy Beel, Michele Beel, Randy Garcia, Stephanie Harp, Susa Harp were used to obtain, and give criminal information-Isolation, Interogation, Treatment for serve

---

[7] The Court believes that based on the public records that this case number should be Cr-20170195.

- 3 -

mental health disease was issued under Prop 200. Seman, Blood samples were taken to establish fatherhood of child(ren) – Lilyana Reyes,"[8] (Doc. 12 at 4.)

The FAC fails to explain in full sentences any understandable facts or allegations. Plaintiff does not allege any actions of any named Defendants (let alone injurious actions to him or others). The FAC fails to state a claim for which relief can be granted.

The FAC will be dismissed with leave to amend because it is not "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks and citation omitted). The Second Amended Complaint must comply with the Federal and Local Rules. *See Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates." (citations omitted)). In particular (but not to the exclusion of other pleading requirements), Plaintiff must set forth each claim in a separate count. Each count must clearly identify the Defendants against whom the claim is brought and provide the facts that support that specific claim.

In addition to complying with the procedural pleading requirements, Plaintiff "must plead enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). Although detailed factual allegations are not required, Plaintiff must provide more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. This shall include facts to support allegations against all named Defendants.

Plaintiff is warned that failure to file a Second Amended Complaint that complies with this Order may result in dismissal of this action. *Stone v. City of Tucson*, 249 F.R.D. 326, 327 (D. Ariz. 2008) (explaining that district courts may dismiss an action *sua sponte* pursuant to Federal Rule of Civil Procedure 41(b) if plaintiff fails to comply with court orders).

---

[8] The errors are found in the original. The Court believes this is the most accurate recitation of the handwritten facts in the FAC.

Based on the above reasoning,

IT IS ORDERED that Plaintiff's FAC (Doc. 12) is dismissed with leave to amend. Plaintiff shall file a Second Amended Complaint on or before October 12, 2018.

IT IS FURTHER ORDERED that if Plaintiff fails to file a Second Amended Complaint on or before October 12, 2018, the Clerk of the Court shall, without further notice, enter a judgment dismissing this case without prejudice.

Dated this 12th day of September, 2018.

Honorable James A. Soto
United States District Judge